UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIRK LANDRY | * | CIVIL ACTION NO: 00091553 |
| | * | |
| VERSUS | * | SECTION: E |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY | * | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED NOTICE OF REMOVAL

State Farm Fire and Casualty Company, pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action bearing case number 00091553 on the docket of the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is properly before citizens of different states. The grounds for removal are as follows:

I.

According to the Petition for Damages, Plaintiff, Dirk Landry, is a Louisiana resident domiciled in St. Charles Parish[1].

II.

Defendant, State Farm Fire and Casualty Company, is a foreign corporation, incorporated under the laws of the State of Illinois, and having its principal place of business in Bloomington, Illinois.

---

[1] *See* Exhibit A, Petition for Damages ¶¶1

Our File #: 743.0070      1

III.

Plaintiff's Petition for Damages alleges a breach of contract claim against State Farm Fire and Casualty Company for its alleged failure to properly pay Plaintiff for the loss according to the policy of insurance between the parties, and that, as a result he is entitled to recover "for damages as are reasonable and/or proven at trial."[2]

IV.

Plaintiff's Petition for Damages also alleges a claim against State Farm Fire and Casualty Company for bad faith insurance claim handling, for its alleged "actions and/or inactions . . . in failing to timely and adequately compensate [Plaintiff] for his covered loss[es] under the policy, [which] were arbitrary, capricious, and without probable cause[.]"[3]

V.

In connection with his breach of contract and bad faith claims, Plaintiff asserts he has incurred damages as follows:

    a.    Any and all unpaid damages and/or losses to the Property;

    b.    Diminution of the value of the Property;

    c.    Emergency repair, actual repair, remediation, and mitigation costs;

    d.    Reimbursement for personal repairs at the Property;

    e.    Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    f.    Additional Living Expenses;

    g.    Loss of Use;

    h.    Mental Anguish and emotional distress;

---

[2]    *See* Exhibit A, at Petition for Damages ¶¶33-41
[3]    *See* Exhibit A, at Petition for Damages ¶¶ 43

Our File #: 743.0070    2

  i.  Actual, Compensatory, and general damages proximately caused by Defendant's breaches of duties and breaches of contract;

  j.  General damages, special damages, punitive damages, statutory penalties, and all other relief delineated in LA. R.S. 22:1892 and 22:1973;

  k.  General damages, special damages, punitive damages, statutory penalties, and all other relief delineated in LA. R.S. 22:41 and 22:1896;

  l.  General damages, special damages, punitive damages, statutory penalties, and all other relief delineated in LA. R.S. 51:1409

  m.  Attorney's fees, other professional fees and costs, and litigation costs associated with the brining of this action; and

  n.  All other losses that will be proven through discovery or at the trial of this matter.[4]

## VI.

Plaintiff Dirk Landry's Petition for Damages alleges that, as a result of three separate events, a May 19, 2021 tornado ("Tornado"), Hurricane Ida ("Ida"), and a December 14, 2021 fire ("Fire"), his property sustained "significant damages".[5] Plaintiff further alleged in the Petition for Damages that he retained Corbitt Public Adjusting, LLC who produced three estimates which contributed "at least" $27,585.62 to the Tornado, $55,521.60 [6]to Ida, and $31,425.15 to the Fire.[7] When combined, these estimates total $114,532.37 in alleged damage to the property.

## VII.

The most recent State Farm estimates for each claim, dated June 22, 2021(Tornado), August 13, 2022 (Ida), and September 10, 2022 (Fire) found far less damage than the Corbitt

---

[4]  See Exhibit A, at Petition for Damages ¶¶ 58
[5]  See Exhibit A, at Petition for Damages ¶¶ 7, 10, 14
[6]  Paragraph 18 of Plaintiff's petition for damages erroneously lists the damages sustained from Ida as $55,52.60. When comparing this to the estimate for Hurricane Ida damages submitted by Plaintiff's attorney, this is clearly was a typo, as the estimate totals $55,521.60. See Exhibit B, p. 4.
[7]  See Exhibit A, at Petition for Damages ¶¶ 18; See Exhibit B, PA Estimates p. 4,15,16 and 24.

Our File #: 743.0070          3

Public Adjusting Estimate. Specifically, the Tornado estimate totaled $6,483.05, the Ida estimate totaled $36,217.26, and the Fire estimate totaled $10,359.23[8]. Thus, the total amount of damages estimated by State Farm when combining all three losses equals $43,739.54. The difference between the Corbitt estimates and the State Farm estimates totals $70,793.83.

Plaintiff has not included any stipulation that his damages do not exceed $75,000.00, exclusive of interest and costs.

VIII.

When taking into account the contractual difference of $70,793.83, Plaintiff's demand for general damages, special damages, punitive damages, and statutory penalties under La. R.S. 1892, 1973, 22:41, 22:1896 and 51:1409, Plaintiff's demand of attorney's fees, and the time delays allowed for filing this Notice of Removal, Defendant avers that Plaintiff's claim meets the jurisdictional limit required for removal.

IX.

For purpose of this removal, it is "facially apparent" that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, when Plaintiff's claims against Defendant are considered, and because Plaintiff has not stipulated and the Petition for Damages does not aver that Plaintiff's cause of action does not exceed $75,000.00, exclusive of interest and costs, nor does Plaintiff's Petition offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to <u>Davis, et al v. State Farm, et al</u>, Case 2:06-cv-00560-SSV-ALC (E.D. La. June 7, 2006).

X.

---

[8] See Exhibit C, State Farm Estimates p. 3,4, 11,12, and 23.

Our File #: 743.0070                                        4

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal. See <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F. 3d 730 (5th Cir. 2002).

XI.

If, under state law, the plaintiff will not be limited to recovery of the amount pleaded in his lawsuit, the Court must look to the true amount in controversy. See <u>De Aguilar v. Boeing Co.</u>, 47 F. 3d 1404, 1410 (5th Cir. 1995).

XII.

"This maxim contemplates the existence of a state statute or doctrine that entitles a plaintiff to recover more than he has demanded. Louisiana is such a state and has been at least since 1960 when its Code of Civil Procedure was enacted." <u>Grant v. Chevron Phillips Chemical Co.</u>, 309 F. 3d 864, 869 (5th Cir. 2002).

XIII.

"It is a general rule that the sum claimed by the plaintiff controls if the claim is apparently made in good faith." <u>De Aguilar</u>, 47 F. 3d at 1408 (quoting <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288 (1938)). However, '[t]he face of the plaintiff's pleading will not control if made in bad faith.' <u>Id.</u> at 1410; see <u>Pendleton v. Parke-Davis</u>, 2000 WL 1808500 (E.D. La. 2000); see also <u>Shaffer v. Palm Harbor Homes, Inc.</u>, 328 F. Supp. 2d 633, 635 (N.D. Miss. 2004); <u>Hood v. Gulf States Pipeline Corp.</u>, 2006 WL 548625 (W.D. La. 2006).

XIV.

In <u>Grant</u>, the Fifth Circuit stated:

> To accommodate the situation when the removal sought is from a Louisiana court and subject matter jurisdiction is grounded in diversity of citizenship, we have modified the usual rule for determining whether the amount in controversy is present. In such Louisiana situations, we permit the party seeking to maintain

federal jurisdiction to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth <u>the facts</u> in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."

(Internal citations omitted.) (Emphasis in original.)

XV.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000." <u>Grant</u>, 309 F. 3d at 869, quoting <u>De Aguilar</u>, 47 F. 3d at 1412; <u>see also</u> <u>Hood v. Gulf States Pipeline Corp.</u>, 2006 WL 548625, (W.D. La. 2006).

XVI.

The damages alleged by Plaintiff are damages claimed in relation to the property damage at issue and the resulting insurance claim, including extra-contractual damages claimed for statutory penalties and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973. Although Defendant denies that it acted in bad faith or breached any duty owed to the Plaintiff, penalties and attorney's fees are properly considered when calculating the amount in controversy for an insurance claim. See <u>Clark v. State Farm Fire and Casualty Co.</u>, Civ No. 14-673, 2015 WL 1247011 (M.D. La. Mar. 18, 2015); <u>Albarado v. State Fire Mut. Auto. Ins. Co.</u>, No. CIV. A. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991); <u>St. Paul Reinsurance Co. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998).

XVII.

Defendant State Farm was served with the Petition for Damages in this matter on January 17, 2023. Therefore, this Notice of Removal is timely pursuant to 28 U. S. C. § 1446(b).

Our File #: 743.0070                                                    6

XVIII.

While Defendant admits no liability nor any element of damages, under the rules of DeAguilar and Grant, State Farm has met its burden of showing by a preponderance of evidence that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS.

XIX.

Concurrent with the filing of this Notice of Removal, written notice is being given to all adverse parties and a copy of this Notice of Removal is being filed with the Clerk of Court for the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana.

WHEREFORE, Defendant State Farm Fire and Casualty Co., hereby gives notice that the proceeding bearing number 00091553 on the docket of the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, has been removed to the docket of this Court for trial and determination as provided by law. Removing Defendant prays that this Court enter such order and issue such process as may be proper to bring before it a copy of all records and proceedings in the State Court case, and there upon proceed with the civil action as if it had originally commenced in this Court.

Respectfully submitted;

*/s/Patrick D. DeRouen*
PATRICK D. DeROUEN (#20535)
CHAD J. PRIMEAUX (#30024)
CHRISTOPHER M. GENSLER (#39008)
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660

FACSIMILE: 504-274-3664<br>
Email: pderouen@derouenlaw.com<br>
cprimeaux@derouenlaw.com<br>
cgensler@derouenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, a copy of the above and foregoing was served on all counsel of record by the electronic filing system/ECF.

<i>/s/Patrick D. DeRouen</i><br>
<b>PATRICK D. DEROUEN, ESQUIRE</b>

Our File #: 743.0070      8